[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 21, 1993, the plaintiff, Peter Zane (Zane), commenced this action by service of a summons and complaint upon the defendants, Raymond and Madeline Jowdy, for injuries Zane sustained while on the defendants' property. On January 19, 1993, Zane, a Danbury police officer, was summoned to 4 Grandview Avenue in Danbury, Connecticut, owned by the defendants, to investigate a complaint. In the course of his investigation, Zane slipped and fell on ice and snow which had accumulated on the premises, sustaining serious and permanent injuries.
Zane sent notice of the action to his employer, the City of Danbury, in accordance with the provisions of General Statutes § 31-293, and on July 8, 1993, the City filed a motion to intervene as co-plaintiff. The motion was granted by the court, West, J., on July 26, 1993. On September 22, 1995, the State of Connecticut, Treasurer of the Second Injury Fund (Fund), filed a motion to intervene as co-plaintiff pursuant to General Statutes § 31-293. The defendants have objected on the ground that the motion is untimely.
The defendants argue that Zane's notice to his employer of the pending action in July, 1993, constitutes notice on the Fund for purposes of § 31-293. They further argue that §31-293 does not require the Fund to be independently notified of the pending action. Since Zane gave the statutorily required notice to his employer, the defendants argue, § 31-293 was satisfied, and the Fund is time-barred from joining this action.
In response, the Fund argues that § 31-352 incorporates the provisions of § 31-293, and provides that the Second Injury Fund may intervene in an action to recover damages just as the plaintiff's employer would. The Fund, therefore, argues that it is entitled to separate notice so that it may intervene CT Page 4074-AA pursuant to § 31-352. Since no notice was served upon it, the Fund argues that it is entitled to intervene at any time.
General Statutes § 31-293 provides, in relevant part: "If either the employee or the employer brings an action against . . . [a] third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate."
General Statutes § 31-352 provides: "The provisions of section 31-293 shall apply to any payments from the Second Injury Fund and the treasurer is authorized to bring an action, or join in an action as provided by said section, when he has paid, or by award has become obligated to pay, compensation out of the fund."
There is no time limitation on the Fund's right to intervene in a third party action and, therefore, the Fund is entitled to intervene here. Section 31-352 states that the treasurer of the Second Injury Fund "is authorized to bring an action, or join in an action as provided by [§ 31-293] . . . when he has paid, or by award has become obligated to pay, compensation out of the fund." (Emphasis added.) While § 31-293 makes specific provisions as to how notice is to be given to an employee or employer by the other, depending upon who files the third party claim first, there is no provision in either § 31-293 or § 31-352 as to how notice is to be given to the Second Injury Fund.[1] Therefore, even if § 31-293 were read to require the Fund to intervene within thirty days of its notice of the third party action (as the employer is required to do when it receives notice of such an action by its employee), there can be no date from which the Fund's thirty-day period begins to run, since no provision exists for how notice is to be given to the Fund.[2]
The Second Injury Fund asserts that it files the motion to intervene pursuant to General Statutes § 31-349. Statute31-349(b) states in pertinent part, as follows:
 (b) As a condition precedent to the liability of the Second Injury Fund, the employer or its insurer shall: CT Page 4074-BB (1) Notify the custodian of the fund by certified mail no later than three calendar years after the date of injury or no later than ninety days after completion of payments for the first one hundred and four weeks of disability, whichever is earlier, of its intent to transfer liability for the claim to the second injury fund. . . . The custodian of the fund shall . . . notify a self-insured employer or an insurer, as applicable, of the rejection of the claim within ninety days after receiving the completed notification. Any claim which is not rejected pursuant to this section shall be deemed accepted. . . .
It is clear that that Second Injury Fund does not receive notice of possible liability for two or three years after the date of injury. In addition, it has the right to contest liability.
Applying the foregoing statutory language to the facts of the instant case, the Fund's motion to intervene cannot be granted since, in its proposed complaint, it makes no specific assertion that it has paid or has, by award, become obligated to pay benefits to Zane.[3] Therefore, the court denies the Fund's motion without prejudice.